The **PEOPLE of the State of Colorado,**
**Petitioner-Appellee,**

**In the Interest of**

**Michael J. KLEINFIELDT,**
**Respondent-Appellant.**

**No. 83CA0233.**

Colorado Court of Appeals,
Div. III.

March 29, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Dolores S. Atencio, Asst. Atty. Gen., Denver, for petitioner-appellee.

B.J. Fett, Jr., Colorado Springs, for respondent-appellant.

VAN CISE, Judge.

Respondent, Michael J. Kleinfieldt, appeals an order for long-term care and treatment pursuant to § 27-10-109, C.R.S. We affirm.

■ Contrary to respondent's first contention, we agree with the district court that there was clear and convincing evidence that respondent poses a danger to himself and others.

His other contention is that the requirements of § 27–10–109(1)(b), C.R.S. (1982 Repl.Vol. 11) were not complied with. That statute provides, in pertinent part:

"... [T]he professional person ... may file a petition with the court for long-term care and treatment of the respondent under the following conditions:

. . . .

"(b) The respondent has been advised of the availability of, but has not accepted, voluntary treatment; but, if reasonable grounds exist to believe that the respondent will not remain in a voluntary treatment program, his acceptance of voluntary treatment shall not preclude an order pursuant to this section."

■ Respondent asserts that, prior to the filing of the petition, he was not advised of the availability of voluntary treatment. He also claims that there was no record of his acceptance or refusal of such treatment. The record shows otherwise.

Respondent was represented by counsel at all stages in these proceedings. The petition states that he had been advised of the availability of voluntary treatment. A copy of that petition was served on him three days before it was filed with the court. At the hearing, he admitted that he had been advised previously by a person at the hospital. Also, the attending physician testified that respondent would not remain in a voluntary treatment program. The requirements of the statute were met.

Order affirmed.

STERNBERG and METZGER, JJ., concur.